UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOP TOBACCO, L.P., REPUBLIC TECHNOLOGIES (NA), LLC and REPUBLIC TOBACCO, L.P., <br><br> Plaintiffs, <br><br> vs. <br><br> STAR IMPORTERS & WHOLESALERS, INC., MONTY HUDDA, KARIM HUDDA, SHANAZ HUDDA, ZIYA BUSINESS INC., D/B/A ZCELL & NOVELTIES, SAMADALI LAKHANI, HAMID KAZANI, AND MANISHA M. BABUL, <br><br> Defendants. | Case No.: 1:19-CV-03296 <br><br> HONORABLE JORGE L. ALONSO |

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO TAKE EXPEDITED JURISDICTIONAL DISCOVERY

Individual Defendants Monty Hudda ("Monty"), Karim Hudda ("Karim"), and Shanaz Hudda ("Shanaz"), (collectively, the "Individual Defendants") oppose Plaintiffs' Motion for Leave to Take Expedited Jurisdictional Discovery to "test" the Individual Defendants' declarations ("the Motion"). [Doc. 49 at 2.] The Motion is noticeably bereft of any evidence, facts, or rebuttal testimony regarding the Individual Defendants' (non-existent) participation in the facts underlying Plaintiffs' Complaint. The Motion does nothing to salvage Plaintiffs' original briefing on this issue, which this Court correctly found to be deficient.

Plaintiffs allege that Star Importers & Wholesalers, Inc. ("Star Importers" and collectively with the Individual Defendants, "Defendants") sold counterfeit cigarette rolling papers ("the Papers") to a single Illinois customer, who was directed by Plaintiffs to make the purchase ("the Illinois Sale"). Based on Plaintiffs' own actions, they now assert jurisdiction and

1

venue not only over Star Importers, but also over its officers, and seek extensive depositions and written discovery requests on each Individual Defendant.

The Individual Defendants have filed unrebutted sworn affidavits, and Plaintiffs have not given this Court a single reason to think those affidavits are less than truthful or inaccurate. Instead, Plaintiffs seem to think they are entitled as a matter of right to "test the veracity" of the affidavits. In fact, the law requires <u>Plaintiffs</u> to set forth facts and evidence establishing a right to take additional jurisdictional discovery, which they have not done here. Instead, Plaintiffs have indiscriminately named Star Importers' officers as listed on the Georgia Secretary of State website, without any basis for their inclusion as parties. They cannot rectify such a deficient pleading through a discovery fishing expedition. The law does not allow a plaintiff to name any defendant it chooses, and then simply conduct jurisdictional discovery to see if their naming of those defendants had merit. While any such discovery would only strengthen the Individual Defendants' case for dismissal, it would be a waste of time and money, and imposes unnecessary legal fees on the Individual Defendants, who would be forced to produce documents or sit for depositions, all of which only would re-affirm what they have sworn to this Court.

The lack of evidence provided by Plaintiffs in support of their Motion is striking given that they orchestrated this lawsuit by arranging the sale of the allegedly counterfeit papers at issue. Plaintiffs should be able to easily obtain affidavits or other competent evidence from their Illinois buyer, or other "sources" as alleged in the Complaint. Plaintiffs' Complaint is full of factual allegations regarding their lengthy efforts to obtain counterfeit papers from Defendants, yet there are zero allegations regarding the involvement of any of the Individual Defendants in any of the described interactions. This absence is glaring.

Given the context of this case, jurisdictional discovery serves no conceivable purpose other than to harass the Individual Defendants, provide a backdoor to substantive discovery, and prolong a case that should never have been brought in this Court.

## ARGUMENT

**I.      Legal Standard**

When a defendant challenges the court's exercise of personal jurisdiction, as Defendants have, the plaintiff bears the burden of demonstrating that personal jurisdiction exists. *Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp.2d 775, 778 (N.D. Ill. 2009) (citing *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004)).  Deciding whether to grant jurisdictional discovery, however, is a matter of judicial discretion. *See Indag GmbH & Co. v. IMA S.P.A,* 150 F. Supp.3d 946, 971 (N.D. Ill. 2015) (citing *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (7th Cir. 2000)); *Black & Decker, Inc. v. Shanghai Xing Te Hao Indust. Co., Ltd.*, 02-c-4615, 2003 WL 21383325, at *4 (N.D. Ill. June 12, 2003).  Before courts exercise this discretion,

> a plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted.  Put differently, a plaintiff seeking jurisdictional discovery must advance "**proof to a reasonable probability**" of the facts necessary to establish federal jurisdiction.

*Indag GmbH*, 150 F. Supp.3d at 971 (internal citations omitted, emphasis supplied).  While courts will grant jurisdictional discovery if a plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdictional issue, the "request will be denied if it is based only upon unsupported assertions of personal jurisdiction." *Ticketreserve, Inc.*, 656 F. Supp.2d at 782 (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) ("*Reimer*")).  Indeed, once "a defendant submits declarations opposing jurisdiction or contradicting the plaintiff's allegations, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *JT's Frames, Inc. v.*

*Casares*, 16-cv-2504, 2018 WL 835225 at *3 (N.D. Ill. Feb, 12, 2018) (citing *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003)); *accord Ticketreserve, Inc.*, 656 F. Supp.2d at 783.

As a result, courts exercise their discretion to grant jurisdictional discovery when plaintiffs show a material factual dispute as to jurisdiction based on specific and uncontroverted evidence. *See e.g. Testosterone Replacement Therapy Prod. Liab.*, 136 F. Supp.3d 968, 976 (N.D. Ill. 2015) (such showing was made by the general allegations of plaintiff's complaint "coupled with specific national sales figures for [defendant's product] in one year"); *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870 (7th Cir. 2006) ("Phencorp") (finding that plaintiff could have discovery as to general jurisdiction where three years of foreign defendant's tax returns identified it as a domestic corporation for tax purposes and it issued five insurance policies to domestic companies in nine years).

Additionally, jurisdictional discovery—like all discovery—is not available simply because it could illuminate certain issues; it must be relevant and proportional. Fed. R. Civ. P. 26(b)(1).

## II. **Plaintiffs Cannot Plead a Prime Facie Case that Individual Defendants Have Any Connection With Illinois**.

Plaintiffs' Complaint identifies the Individual Defendants (as Georgia residents) and their role within Star Importers (a Georgia entity), but makes no specific allegations whatsoever concerning their contact with Illinois or their involvement in the conduct allegedly comprising the Illinois Sale. [Compl at. ¶¶ 12-15, 57-62 (Doc. 1).] As the Individual Defendants' declarations make clear, none of them live, work, own property, maintain any bank accounts, regularly do or solicit business, or pay taxes in Illinois. (Affidavit of Shanaz Hudda ("Shanaz

Aff.") ¶¶ 2-4, 10; Affidavit of Karim Hudda ("Karim Aff.") ¶¶ 2-4, 9; Affidavit of Amin ("Monty") Hudda ("Monty Aff.") ¶¶ 2-4 (Docs. 40-1, 40-2, 40-3).]

This means that the <u>only</u> allegations against all Individual Defendants, besides the conclusory legal conclusions that they were involved in willful distribution of counterfeit Papers and use Star Importers as an instrument for their own counterfeiting, are that they are officers of Star Importers. [Motion at 5; Compl. at ¶¶ 57-62.]  This is simply not enough to establish a colorable claim for specific jurisdiction.  *See Reimer*, 230 F.3d at 946; *Kinslow v. Pullara*, 538 F.3d 687, 692-93 (7th Cir. 2008) (affirming dismissal under Fed. R. Civ. P. 12(b)(2) because pro se plaintiff's complaint against individual employees, who did not live or work in Illinois, for conduct undertaken on behalf of their national employer, did not "look at each separate person's contacts with Illinois and assum[ed] that the defendants could instead be treated as a group under the umbrella of" the employer).  While Plaintiffs here attempt to lump all the Defendants together as "Star Defendants," "it is somewhat sloppy to make allegations about 'Defendants' when the allegations do not actually refer to all defendants." *In re Testosterone Replacement Therapy Prod. Liab.*, 136 F. Supp.3d 977.

### A. Plaintiffs Have Not and Cannot Offer Affirmative Evidence That Shanaz and Karim Have Ever Had Any Contact with Illinois.

The conclusory allegations that Shanaz and Karim are owners of Star Importers who somehow directed or benefitted from the Illinois Sale are flatly rebutted by their declarations. Shanaz and Karim testified that they are not owners of Star Importers, and Plaintiffs can offer nothing in rebuttal.  [Shanaz and Karim Affs. at ¶ 6.]  Their Motion's continued reference to Shanaz and Karim as "owners" is, therefore, disingenuous.

It appears that Shanaz and Karim were named individually solely because the Georgia Secretary of State website identified them as corporate officers, and Plaintiffs have not and

5

cannot allege that they are based on any other facts. Shanaz is Monty's wife, Karim is Monty's brother, and both are nominal officers and salaried employees of Star Importers. [Shanaz Aff. at ¶¶ 6-8; Karim Aff. at ¶¶ 6-7.] Neither of them is paid on a commission basis or receives any additional compensation as a result of any sale of rolling papers. [Shanaz Aff. at ¶ 8; Karim Aff. at ¶ 10.] Plaintiffs submit no evidence to rebut this. [*See* Motion *in passim*.] Instead, Plaintiffs claim that

> It is logical to conclude that the three officers of the company are the individuals who "run" a "family run" business, and, as such, play some role in large sales and shipments of the stores' goods— Shanaz and Karim's awareness of and roles in the shipment into Illinois are at least "ambiguous" and Plaintiff's should be allowed to test the veracity of the statements in their affidavits about Star's sales and shipments to Illinois.

[*Id.* at 13.]

This is speculative in the extreme, and contrary to the sworn affidavits. It is just as plausible that a "family run" business incudes family members as officers and employees despite their lack of real involvement in the day-to-day business. The affidavits show as much. Shanaz and Karim have already sworn that they had no knowledge or involvement in any sales to Illinois and that they are officers in name only. [Shanaz Aff. at ¶¶ 9-10; Karim Aff. at ¶¶ 8-9.] There is nothing "ambiguous" about these denials. To subject them to discovery so that they can, once more, swear that they do not know about any sales to Illinois serves no purpose except to harass Defendants and incur additional attorneys' fees and costs. This is particularly so because Plaintiffs cannot advance "proof to a reasonable probability" that discovery with respect to Shanaz and Karim will supply the facts necessary to establish federal jurisdiction. *Indag GmbH*, 150 F. Supp.3d at 971 (quoting *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 316 (7th Cir. 1996)).

Plaintiffs' Motion adds nothing to the Complaint in the way of evidence of Shanaz's and Karim's involvement, and it is improper to subject them to discovery on the basis of such conclusory allegations. Plaintiffs offer nothing more than their "unsupported assertions" that Shanaz and Karim are involved with the Illinois Sale and, as a result, have not met their burden to allow jurisdictional discovery. *See Ticketreserve, Inc.*, 656 F. Supp.2d at 783. The Court should deny the Motion with respect to Shanaz and Karim.

> **B. Plaintiffs Have Not and Cannot Offer Affirmative Evidence That Monty, as an Individual, Took Actions Subjecting Him to Illinois Jurisdiction**.

Although Monty is the CEO and sole owner of Star Importers, that alone does not subject him to this Court's specific jurisdiction. "The fiduciary shield doctrine is recognized in Illinois … and 'denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal.'" *Deckers Outdoor Corp. v. Australian Leather Pty. Ltd.*, No. 16 CV 3676, 2017 WL 365555, at *2 (N.D. Ill. Jan. 25, 2017) (quoting *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994)).

> In the absence of some special showing, the managing officers of a corporation are not liable for the infringements of such corporation, though committed under their general direction.... It is when the officer acts willfully and knowingly—that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation as an instrument to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability—that officers are held jointly with the company.

*Dangler v. Imperial Mach. Co.*, 11 F.2d 945, 947 (7th Cir. 1926).

Recent cases in this Court held that, to exert jurisdiction over the CEO or owner of a company that engages in trademark infringement requires more. *See UL, LLC v. Am. Energy Prod., LLC*, No. 17 C 7178, 2018 WL 398259, at *3-4 (N.D. Ill. Jan. 13, 2018) (CEO personally acknowledged that defendant company could not ship products bearing plaintiff's logo until

7

plaintiff inspected the same; was advised multiple times by plaintiff, upon a visit to defendant company's facility, that defendant company could not ship products; and twice misrepresented that defendant company was not shipping any products requiring inspection); *Deckers Outdoor Corp.*, 2017 WL 365555, at *2-3 (defendant owner was personally involved in designing and selling allegedly infringing products and defendant company conceded Illinois jurisdiction and asserted counterclaims). Unlike the individual defendants in *Deckers Outdoor Corp.* and *UL, LLC*, there are no allegations (nor could there be) that Monty repeatedly was made aware that his company was selling counterfeit goods and, in response to the same, repeatedly assured Plaintiffs that he was not. Nor are there allegations that Monty designed these counterfeit goods himself.

The only individual connection Plaintiffs have attempted to show between Monty, Star importers, and Illinois is —without explanation or authentication—a photocopy of an April 2019 invoice from Star Importers to Midwest Wholesale (which is located in Schaumburg, Illinois) with Monty's business card placed on top. [Motion at Ex. G.] Notably, Monty's name is not on the invoice and there is no affidavit or other means of establishing that Monty had anything to do with creating this invoice or including his card. Notably, Plaintiffs presumably obtained this invoice from the recipient, Midwest Wholesale, and could have readily obtained sworn statements or other evidence from Midwest Wholesale to support their assertions that Monty was directly involved in the Illinois Sale. But they did not. Nevertheless, they ask this Court to assume—with no competent evidence whatsoever—that Monty's card was included with the invoice and that he personally arranged the same. This is not enough to establish a prima facie case for specific jurisdiction over Monty as an individual.

Even if Monty's card was somehow included with the invoice "written communications … are not, by themselves, sufficient to establish specific jurisdiction." *Gilman Opco LLC v.*

8

*Lanman Oil Co.*, 13-CV-7846, 2014 WL 1284499, at *5 (N.D. Ill. Mar. 28, 2014) (citing *Felland v. Clifton*, 682 F.3d 665, 6798 (7th Cir. 2012); *Centurion Serv. Grp., LLC v. SBMC Healthcare, LLC*, 944 F.Supp.2d 617, 624 (N.D. Ill. 2013); *Abbott Labs., Inc. v. Bio Valve Techs., Inc.*, 543 F.Supp.2d 213, 921 (N.D. Ill. 2008)). *But see Marks v. Worldwide Robotic Automated Parking, LLC*, 16-CV-8656, 2017 WL 2985757, at *7 (N.D. Ill. July 13, 2017) (distinguishing *Gilman*, where discovery was partially granted for general jurisdictional purposes only after plaintiffs <u>submitted evidence</u> calling into question statements in a declaration submitted by defendants). To be personally subject to jurisdiction in Illinois, Star Importers' Illinois contacts must be attributable to Monty. *See Deckers Outdoor Corp.*, 2017 WL 365555, at *3. Plaintiffs have failed to do this despite an opportunity "to respond and submit affidavits of [their] own to provide the Court with some evidence." *Ticketreserve, Inc.*, 656 F. Supp.2d at 783. Accordingly, Plaintiffs have not met their burden and the Court should deny their Motion.

### III. **Plaintiffs Request for Jurisdictional Discovery Is Intended to Support their Claims, Not Jurisdiction over the Individual Defendants, and, Thus, Is Irrelevant, Unnecessary, and a Fishing Expedition**.

Plaintiffs claim that jurisdictional discovery is necessary to discover whether "Defendants have participated in other sales of Counterfeit Papers or other goods in Illinois. Jurisdictional discovery could unearth additional shipments or transactions into Illinois, as well as the Individual Defendants' roles in those transactions." [Motion at 9.] Plaintiffs' Motion thus seeks not jurisdictional discovery, but, rather, discovery to bolster their underlying claims, which are thinly pled. Of course, that is not the purpose of jurisdictional discovery and Plaintiffs, who bear the burden of showing that such discovery is appropriate, cannot rely on such a purpose to support their Motion.

Moreover, such a request is speculative and based on nothing but Plaintiffs' conjecture. Given that Defendants Shanaz and Karim have already submitted declarations clarifying that

they had no role in the Illinois Sale, or any sales in Illinois, and Plaintiffs have offered no evidence whatsoever to refute this, discovery on this issue would be fruitless. *See supra* at II.A. Likewise, the case law does not support discovery as to Monty on the basis of his ownership in Star Importers. *See supra* at II.B.

**IV.** **Plaintiffs Cannot Plead a Prima Facie Case that Defendants Have Any Connection With Illinois Because Their Contact With Illinois Is Solely a Result of Plaintiff's Actions.**

Finally, as set forth in Defendants' Motion to Dismiss, both the Complaint and Motion are devoid of any factual allegations that the Defendants purposefully availed themselves of this forum by reaching out to Illinois buyers or soliciting sales here. If anything, the jurisdictional hook is attributable solely to Plaintiffs, who "directed" MidWest Wholesale to purchase the Papers from Star Importers. (Compl. ¶¶ 23-25, 52.) "[T]he relation between the defendant and the forum must arise out of contacts that the defendant himself creates with the forum. Contacts between the plaintiff or other third parties and the forum do not satisfy this requirement." *Advanced Tactical Ordnance Sols., LLC v. Real Action Paintball, Inc.* 751 F.3d 796, 801 (7th Cir. 2014) (emphasis added). As a result, the Court looks to "the contacts with the state itself, not the contact with persons who happen to reside there." *Am. Bridal & Prom Indus. Ass'n., Inc. v. The P'ships & Uninc. Ass;'ns Identified on Sched. A*, 192 F.Supp.3d 924, 932 (N.D. Ill. 2016) (citing *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

Where the sole contacts with Illinois are due to Plaintiffs, and not the actions of Defendants, not only is jurisdictional discovery improper, but the entire Complaint should be dismissed for lack of jurisdiction.

## CONCLUSION

Plaintiffs had every opportunity to submit their own declarations outlining Individual Defendants' involvement in the Illinois Sale and have failed to do so. Plaintiffs' insufficient

efforts at meeting their burden for requesting jurisdictional discovery, suggest only one explanation: Plaintiffs' naming of Individual Defendants and request for jurisdictional discovery is merely a litigation strategy intended to inflict maximum oppression upon Defendants and result in a maximum of attorneys' fees and costs for Plaintiffs' counsel. The Court should not permit Plaintiffs to abuse jurisdictional discovery in this manner and should deny their Motion.

July 25, 2019                                                            Respectfully submitted,

*/S/ Jeffrey R. Tone*
Counsel for Star Importers &
Wholesalers, Inc., Monty Hudda,
Karim Hudda, and Shanaz Hudda

Of Counsel (Pro Hac Vice Pending):            Nancy A. Temple
Richard L. Robbins                             Jeffrey R. Tone
Heather Sharp                                  KATTEN & TEMPLE LLP
The Robbins Firm                               209 S. Dearborn Street, Suite 950
500 14th Street NW                             Chicago, Illinois 60604
Atlanta, GA 30318                              (312) 663-0800
404-856-3266                                   ntemple@kattentemple.com
rrobins@robbinsfirm.com                        jtone@kattentemple.com
heather.sharp@robbinsfirm.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on July 25, 2019, I electronically filed the foregoing **Defendants Monty Hudda, Karim Hudda, and Shanaz Hudda's Response in Opposition to Plaintiffs' Motion for Leave to Take Expedited Jurisdictional Discovery** with the Clerk of the Court using the CM/ECF system which sent notification of filing to all counsel of record.

*/S/ Jeffrey R. Tone*
Counsel for Star Importers &
Wholesalers, Inc., Monty Hudda,
Karim Hudda, and Shanaz Hudda

Of Counsel (Pro Hac Vice Pending):
Richard L. Robbins
Heather Sharp
The Robbins Firm
500 14th Street NW
Atlanta, GA 30318
404-856-3266
rrobins@robbinsfirm.com
heather.sharp@robbinsfirm.com

Nancy A. Temple
Jeffrey R. Tone
KATTEN & TEMPLE LLP
209 S. Dearborn Street, Suite 950
Chicago, Illinois 60604
(312) 663-0800
ntemple@kattentemple.com
jtone@kattentemple.com