IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Top Tobacco, L.P., et al.,

$\qquad$ Plaintiffs,

$\qquad\qquad\qquad$ Case No. 1:19-cv-4939-MLB

v.

Star Importers & Wholesalers,
Inc., et al.,

$\qquad$ Defendants.

_____/

**<ins>ORDER</ins>**

A jury awarded Plaintiffs statutory damages under the Lanham Act for Defendants' non-willful infringement of Plaintiffs' trademarks. Defendants move—in two separate motions—for judgment as a matter of law, asking the Court to find the damages award excessive, or alternatively, to reduce the award or grant a new trial. (Dkts. 363; 364.) Plaintiffs oppose. (Dkt. 364.) The Court denies Defendants' motions.

## I.   Background

Plaintiffs sued Defendants claiming they violated the Lanham Act by infringing on Plaintiffs' trademarks related to tobacco rolling papers.

(Dkt. 88.)  The Court granted Plaintiffs summary judgment on the issue of liability, concluding Defendants sold counterfeit rolling papers bearing Plaintiffs' marks.  (Dkt. 236.)  This left three questions for the jury to answer at trial: (1) whether Defendants acted willfully, (2) the amount of damages, and (3) fees.  (Dkt. 236 at 50.)

After seven days of trial, a jury found Defendants did not act willfully.  (Dkts. 319; 320.)  It awarded Plaintiffs statutory damages in the amount of $2.3 million—$1,107,000 against Defendants Star Importers & Wholesalers, Inc. and Amin S. Hudda (the "Star Defendants"), and $1,242,000 against Defendants Ziya Business Inc. d/b/a ZCell & Novelties and Samadali Lakhani (the "ZCell Defendants"). (Dkts. 319; 320.)  These amounts represent $123,000 per trademark the Star Defendants infringed and $138,000 per trademark the ZCell Defendants infringed.  (Dkts. 319; 320.)

## II.   Discussion

Defendants say they are entitled to judgment as a matter of law because the jury's damages award is not sufficiently supported by the evidence and it violates their due process rights.  (Dkts. 363 at 9–24; 364 at 6–20.)  They ask, in the alternative, for the Court to order remittitur

and reduce the damages award or order a new trial on damages.  (Dkts. 363 at 25; 364 at 20.)  Plaintiffs say the evidence supports the jury's award and it does not violate Defendants' due process rights, particularly because the award is within the Lanham Act's statutory range for damages for non-willful violations.  (Dkt. 364 at 13–24.)[1]  They also say Defendants are not entitled to remittitur or a new trial because the jury did not commit clear error and the verdict is not so excessive as to shock the conscience.  (Dkt. 364 at 24–31.)

### A.    Judgment As a Matter of Law

Rule 50 of the Federal Rules of Civil Procedure permits a party to move for judgment as a matter of law.  Fed. R. Civ. P. 50.  "A judgment as a matter of law is warranted only '[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'"  *London v. Fieldale Farms Corp.*, 410 F.3d 1295, 1301 (11th Cir. 2005) (citation omitted).  "In considering whether the verdict is supported

---

[1] Because it includes a cover page, table of contents, and table of authorities, the page numbers of Plaintiffs' brief do not match the pagination of the CM/ECF system.  For ease of reference, when citing Plaintiffs' brief, the Court uses the CM/ECF page numbers.

by sufficient evidence, 'the court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party.'" *McGinnis v. Am. Home Mortg. Serv., Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (citation omitted). "'[I]t is the jury's task—not [the court's]—to weigh conflicting evidence and inferences, and determine the credibility of witnesses.'" *Id.* (quoting *Shannon v. Bellsouth Telecomms., Inc.*, 292 F.3d 712, 715 (11th Cir. 2002)).

### 1.   Waiver

As an initial matter, Plaintiffs contend Defendants waived their right to move for judgment as a matter of law on the damages issue because they "did not raise a Rule 50(a) challenge to damages before the case was submitted to the jury." (Dkt. 364 at 12.)  Defendants say they moved under Rule 50(a) for a directed verdict on, among other things, the sufficiency of the evidence proving their willfulness—an issue that is closely tied to the issue of damages.  (Dkts. 374 at 4; 375 at 4.)  Plus, Defendants say, Plaintiffs were not surprised or confused about the grounds for their Rule 50(b) motion.  (Dkts. 374 at 4–5; 375 at 4–5.)

Rule 50(a) allows a party to move for judgment as a matter of law "before the case is submitted to the jury."  Fed. R. Civ. P. 50(a)(2).  If that

motion is denied, the party may file "a renewed motion" after trial under Rule 50(b).  Fed. R. Civ. P. 50(b).  "A Rule 50(b) motion is a renewal of a Rule 50(a) motion." *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 903 (11th Cir. 2004).  So, "[i]f a party asserts new grounds in its renewed motion for judgment as a matter of law that it did not assert in its initial motion for judgment as a matter of law, a court 'may not rely on the new grounds to set aside the jury's verdict.'"  *Shannon*, 292 F.3d at 717 n.3 (citation omitted).

The Eleventh Circuit has long "'taken a liberal view of what constitutes a motion for [judgment as a matter of law].'"  *McGinnis*, 817 F.3d at 1261 (quoting *Nat'l Indus., Inc. v. Sharon Steel Corp.*, 781 F.2d 1545, 1549 (11th Cir. 1986)).  Courts will not find a party has waived an issue by not raising it in an initial motion for judgment as a matter of law if the issue is "'closely related' to those raised in an initial [] motion."  *McGinnis*, 817 F.3d at 1261.  This is because "[i]f the grounds argued in a motion under Rule 50(a) are 'closely related' to those argued in a Rule 50(b) motion, then setting aside a jury's verdict is no surprise to the non-movant."  *Id.* (citation omitted); *see also Howard v. Walgreen Co.*, 605 F.3d 1239, 1243 (11th Cir. 2010) ("So long as [the issues] are 'closely

related' such that opposing counsel and the trial court may be deemed to have notice of the deficiencies asserted by the moving party, the purposes of [Rule 50] will be satisfied.").

At trial, counsel for the Star Defendants moved "under Rule 50 as a matter of law as to willfulness[.]" (Dkt. 354 at 1451:17–19.)  The Court told counsel for both the Star Defendants and the ZCell Defendants they had thus "reserved" that issue for a renewed motion.  (Dkt. 354 at 1451:22–24.)  Although Defendants didn't use the term "damages," a defendant's willful infringement triggers enhanced statutory damages under the Lanham Act.  15 U.S.C. § 1117(c)(1)–(2).  And Plaintiffs concede that the issues of willfulness and damages are basically inextricable.  (Dkt. 373 at 38 (arguing Defendants cannot dissect issues of willfulness from damages if given a new trial because "'willfulness is a damages issue, not a liability issue'") (quoting *Robert Bosch LLC v. Pylon Mfg. Corp.*, 2009 WL 2742750, at *1 (D. Del. 2009).)  So, the Court concludes the issues of willfulness and damages are so closely related that Defendants' initial motion preserved the damages issue.

Not only that, but Plaintiffs were not "ambushed" or "sandbagged" by Defendants' moving on the issue of damages.  *See McGinnis*, 817 F.3d

at 1261 (noting purpose of Rule 50 is to prevent unfair surprise to non-movant).  The parties argued extensively about how to present the issue of damages in the jury instructions, including Defendants' insistence the Court tell the jury that the damages award "should not constitute a windfall for the Plaintiffs" and that any damages award should thus "bear some relationship to actual damages."  (Dkt. 353 at 1254:13–1258:21.)  Clearly, Plaintiffs were "not ambushed" by this argument now. *See Splitt v. Deltona Corp.*, 662 F.2d 1142, 1144–45 (5th Cir. 1981) (counsel for plaintiff was "not ambushed" where defendant "had argued strenuously against a jury instruction" regarding the pertinent issue, such that "Rule 50's purpose [was] served" and defendant's right to move for judgment as a matter of law on that issue "was properly preserved").

Defendants did not waive their right to argue the issue of damages in their renewed motions.

## 2.   Sufficiency of the Evidence

Defendants say they are entitled to judgment as a matter of law because the evidence presented at trial was not sufficient to support the jury's damages award.  (Dkts. 363-1 at 9; 364 at 14.)  Specifically, they point to factors the jury had to consider in assessing its damages award

and argue the evidence weighs strongly in favor of a lower damages award than the jury selected.  (Dkts. 363-1 at 9–17; 364 at 14–19.) Plaintiffs say the damages award must survive because the law expressly permits it and because the evidence supports the jury's assessment. (Dkt. 373 at 6–13.)

Defendants' burden is high.  "A federal court has no general authority to reduce the amount of a jury's verdict." *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1230, 1328 (11th Cir. 1999).  "The Seventh Amendment prohibits re-examination of a jury's determination of the facts, which includes its assessment of the extent of plaintiff's injury." *Id.*  "[I]t is not the function of the Court to make credibility or factual determinations under the guise of Rule 50 review." *Peer v. Lewis*, 2008 WL 2047978, at *4 (S.D. Fla. May 13, 2008).  So, a court cannot "according to its own estimate of the amount of damages which the plaintiff ought to have recovered, . . . enter an absolute judgment for any other sum than that assessed by the jury." *Johansen*, 170 F.3d at 1328. Rather, to vacate or reduce a jury's award under Rule 50, the Court must find that "'the facts and inferences point so strongly and overwhelmingly in favor of [the movant] that the Court believes that reasonable men [or

women] could not arrive at a contrary verdict.'" *United States v. Vahlco Corp.*, 720 F.2d 885, 889 (5th Cir. 1983) (citation omitted).

Defendants do not argue the jury erred in awarding statutory damages. Rather, they quarrel only with the amount of the damages. But the Lanham Act expressly permits the jury's damages award. 15 U.S.C. § 1117(c)(1) (non-willful infringement may result in "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services"). And it would make no sense to call those damages impermissible when, by the terms of the statute, when a plaintiff elects to recover statutory damages, those damages "*are* the civil penalties authorized." *Capitol Recs., Inc. v. Thomas-Rasset*, 692 F.3d 899, 908 (8th Cir. 2012) (emphasis in original). This is not a case where the jury has committed a "legal error," or "where a portion of [the] verdict is for an identifiable amount that is not permitted by law." *Johansen*, 170 F.3d at 1330. The jury did exactly what the law allows it to do. Defendants merely disagree with the jury's "determination of the facts"—something the Court cannot second-guess. *Id*.

In arguing to the contrary, Defendants emphasize that the damages award bears little relation to Plaintiffs' purported actual damages. (Dkts.

363-1 at 10–17; 14–19.)  It's true that Plaintiffs' actual damages are one factor relevant to the jury's assessment.  *See Ghost Controls, LLC v. Gate1Access LLC*, 2020 WL 8309717, at \*5 (M.D. Fla. Oct. 16, 2020).  It's also true that statutory damages should not provide a "windfall" to the plaintiff.  *Id.*  But the Lanham Act "authorize[s] statutory damages unrelated to losses or gains." *Bucklew v. Hawkins, Ash, Baptie & Co., LLP*, 329 F.3d 923, 931 (7th Cir. 2003).  So, "[i]t is not necessary for an award of statutory damages to have a correlation to the actual damages[.]" *Greenberg v. Nat'l Geographic Soc.*¸2005 WL 8156192, at \*4 (S.D. Fla. Sept. 30, 2005); *see also H-D U.S.A., LLC v. SunFrog, LLC*, 311 F. Supp. 3d 1000, 1047 (E.D. Wisc. 2018) ("Actual profits or losses can be relevant in the wide-ranging search for a just damages award, but it must be remembered that the Lanham Act gives plaintiffs in counterfeiting cases the option to seek statutory damages instead of actual damages. . . . Many courts have rejected the plea that the infringer's actual profits were fairly low.").  Indeed, "statutory damages are not meant to be merely compensatory or restitutionary [but] also to discourage wrongful conduct." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 113 (2d Cir. 2001); *see also F.W. Woolworth Co. v. Contemp. Arts, Inc.*, 344 U.S. 228,

233 (1952) ("The statutory rule . . . is designed to discourage wrongful conduct. . . . Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy.").  It would make little sense to require a particular ratio of statutory damages to actual damages when the Lanham Act allows a jury to award damages, not just to compensate, but to deter misconduct.  It would also make little sense to require a particular ratio when the statute expressly recognizes that actual damages in counterfeiting cases can be "difficult to measure with economic precision."  *Raffel Systems, LLC v. Man Wah Holdings LTD, Inc.*, 2023 WL 3375853, at *7 (E.D. Wisc. May 11, 2023).

While Defendants focus primarily on the ratio between the jury's damages award to Plaintiffs' purported actual damages, there are several other factors the jury must consider in awarding statutory damages:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 126 (2d Cir. 2014); *Ill. Tool Works Inc. v. Hybrid Conversions, Inc.*, 817 F. Supp. 2d 1351, 1355

(N.D. Ga. 2011).  The Court told the jury as much.  Importantly, it also told the jury that its award "should bear some relationship to the actual damages suffered by the plaintiff and in consideration of the other factors." (Dkt. 354 at 1467:6–25.)  So, there is no reason to think the jury didn't consider Plaintiffs' actual damages along with the other factors in assessing its award.  *See Midlevel U, Inc. v. ACI Info. Grp.*, 989 F.3d 1205, 1218 (11th Cir. 2021) (the Eleventh Circuit "presume[s] that a jury follows its instructions").

And the jury heard plenty of evidence about the other factors, including: the high value of the marks Defendants infringed, including their continuous use for more than 100 years, the amount Plaintiffs spent on advertising those brands, and the extensive anti-counterfeiting efforts Plaintiffs expend to protect them (Dkt. 350 at 143:2–148:9); the extent of Defendants' counterfeiting activity, including evidence they may have sold greater quantities of infringing products than they admitted based on the number of products seized and the volume of products Defendants bought from infringing wholesalers (Dkts. 336-33; 336-34; 336-55; 350 at 260:3–21, 281:9–22; 353 at 1044:25–1045:11, 1243:11–1244:6); financial and sales information from Defendants from which the jury could

12

conclude they made significant money from the sale of counterfeit products (Dkts. 354 at 1331:19–24; 331-5; 336-20; 336-21; 336-22); how the counterfeit products contained "unknown" ingredients, meaning they did not comply with Plaintiffs' quality standards or regulatory requirements and could have caused a risk to public safety or reputational harm (Dkt. 350 at 295:2–297:24); and Defendants' size and influence in the wholesale market, insistence they could have done nothing more to prevent counterfeiting in the future, and belief they had done nothing wrong (Dkts. 352 at 906:17–907:16, 933:25–934:22; 353 at 1017:16–1018:22; 354 at 1369:2–1374:20).  While Defendants squabble with how much that evidence was worth, their arguments ultimately boil down to mere disagreement with how the jury applied that evidence to the factors it considered in assessing the damages award.  But the jury had "'wide discretion'" in reaching that award, and was "'constrained only by the specified [statutory] maxima and minima.'" *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990).  There was sufficient evidence to support the jury's award.

In arguing otherwise, Defendants cite several counterfeiting cases "in which trademark defendants blatantly, willfully infringed the

plaintiffs' trademarks, . . . and were issued far lower verdicts on default judgments than the one in this case." (Dkts. 363-1 at 17–18; 364 at 7–13.)  Those cases are unavailing.  First, statutory damages awards "are all over the map, and perhaps rightly so, since the award is meant to be tailored to the facts of the case at hand." *SunFrog*, 311 F. Supp. 3d at 1048.  "This Court's role is not to 'average the high and low awards [but to] focus instead on whether the verdict lies within the reasonable range.'" *John Wiley & Sons*, 327 F. Supp. 3d at 635 (quoting *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 671 (2d Cir. 2012)).  Second, as Defendants concede, most of the cited cases were decided on default judgment—none involved a jury award.  And some involved higher awards per mark than the verdict in this case.  *See, e.g.*, *Volkswagen Grp. of Am. v. Varona*, 2021 WL 1997573, at *15 (S.D. Fla. May 18, 2021) (awarding $304,613.55 per mark); *Anthem Indus., LLC v. Dawson*, 2017 WL 6996371, at *4 (N.D. Ga. Oct. 31, 2017) (awarding $500,000 per mark).  In others, the "lower" awards were for amounts exactly requested by the plaintiffs.  *See, e.g.*, *Estate of Marilyn Monroe LLC v. 3D Home*, 2022 WL 1715963, at *5 (N.D. Ga. Mar. 22, 2022); *Kason Indus. v. L & T Rest. Equip.*, 2019 WL 9633211, at *9 (N.D. Ga. Dec. 17, 2019).  In any

event, the statutory damages awarded in those cases do not persuade the Court that the jury's award in this case "is so excessive that the Court should intrude on [the jury's] prerogative to set damages." *Agence France Presse v. Morel*, 2014 WL 3963124, at *15 (S.D.N.Y. Aug. 13, 2014) (citing *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 347–55 (1998)).

### 3.   Due Process

Defendants say the damages award violates their right to due process because it is "so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable," particularly because it is much higher than what they claim are Plaintiffs' actual damages. (Dkts. 363-1 at 24–25; 364 at 20.)  Plaintiffs say because the damages award is within the statutory range, it does not violate Defendants' constitutional rights. (Dkt. 373 at 20–23.)

Due process prohibits excessive damages because "'[e]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice . . . of the severity of the penalty that a State may impose.'" *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 417 (2003) (citation omitted).  "This concern about fair notice does

not apply to statutory damages, because those damages are identified and constrained by the authorizing statute." *Thomas-Rasset*, 692 F.3d at 907. The only time a statutory damages award violates due process is where the penalty prescribed is "'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.'" *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 587 (6th Cir. 2007) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66–67 (1919)). "This review, however, is extraordinarily deferential—even more so than in cases applying abuse-of-discretion review." *Zomba Enters.*, 491 F.3d at 587.

Defendants give their due process arguments short shrift. The Star Defendants say only that the jury's award is unconstitutionally disproportionate to their conduct, which caused much lower actual damages to Plaintiffs. (Dkts. 363-1 at 25.) And the ZCell Defendants say the award is unconstitutionally disproportionate to the revenues and profits they made from sales of the infringing products. (Dkt. 364 at 20.)

First, the Supreme Court has long made clear that the constitutional inquiry does not require that statutory damages be tethered to actual damages. *See Williams*, 251 U.S. at 66 (giving

16

statutory penalty to aggrieved party does not "require that it be confined or proportioned to his loss or damages").  This is because such a damages award is "imposed as a punishment for the violation of a public law," such that "the Legislature may adjust its amount to the public wrong rather than the private injury, just as if it were going to the state."  *Id.* Vindicating trademark rights has long been considered a public interest. *See Amoskeag Mfg. Co. v. D. Trainer & Sons*, 101 U.S. 51, 62 (1879).  And statutory damages are by definition a substitute for unproven or unprovable actual damages.  *Cable/Home Commc'n*, 902 F.2d at 850.

Second, Defendants ignore that several other policy goals are baked into the statutory damages analysis rather than mere restitution. Statutory damages are also designed to discourage wrongful conduct. *Chanel, Inc. v. French*, 2006 WL 3826780, at *2 n.2 (S.D. Fla. Dec. 27, 2006) ("'While § 1117(c) looks to compensatory considerations (e.g., actual losses and trademark value), it also looks to punitive considerations (e.g., deterrence of other infringers and redress of wrongful defense conduct).'") (quoting *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999)).  Just because Defendants' conduct was not willful does

not mean it was innocent—punishment and deterrence could have factored into the jury's award.

Based on the evidence, the jury determined a significant award per mark was appropriate, but exercised its considerable discretion to stay below the statutory maximum. The Court concludes its award is not "so severe and oppressive" in relation to Defendants' conduct "as to be . . . obviously unreasonable." *Williams*, 251 U.S. at 67–68; *see also Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*, 545 F. Supp. 2d 768, 777 (N.D. Ill. 2008) (rejecting argument that 30,000:1 ratio between statutory damages and actual harm violated due process because "[t]here is no requirement that the statutory remedy be proportional to the plaintiff's own injury" and "Congress may choose an amount that reflects the injury to the public as well as to the individual").

## B.   Remittitur And New Trial

Defendants alternatively ask that the Court order remittitur and reduce the jury's damages award or order a new trial on only the damages issue. (Dkts. 363-1 at 25; 364 at 20.) Plaintiffs say Defendants are not entitled to a remittitur or new trial because the evidence supports the jury's award. (Dkt. 364 at 18–38.)

Rule 59 permits a party to move for a new trial or to alter or amend a judgment after its entry. Fed. R. Civ. P. 59. Rule 59(a) governs a party's request for a new trial and a court's power to order remittitur stems from this authority. *Johansen*, 170 F.3d at 1328. This power allows "[a] court which believes the jury's verdict is excessive" to "order a new trial unless the plaintiff agrees to remit a portion of the jury's award." *Id.* In making this decision, "[t]he Court is not to substitute its judgment for the jury's, and where there is *sufficient* evidence in the record to support the award, the Court should not reduce the award merely because it would have found differently." *Stone v. GEICO Gen. Ins. Co.*, 2009 WL 3720954, at *2 (M.D. Fla. Nov. 5, 2009) (emphasis in original). A court may not grant a Rule 59 motion unless "the verdict is against the great—not merely the greater—weight of the evidence." *Ins. Co. of N. Am. V. Valente*, 933 F.2d 921, 923 (11th Cir. 1991). When determining whether the evidence supports the verdict, courts ask "whether the verdict was 'clearly within the universe of possible awards which are supported by the evidence.'" *Narcisse v. Ill. Cent. Gulf R.R. Co.*, 620 F.2d 544, 547 (5th Cir. 1980) (citation omitted). When the jury's verdict is "within the bounds of possible awards supported by the

evidence, its award should not be disturbed." *Carter v. DecisionOne Corp.*, 122 F.3d 997, 1006 (11th Cir. 1997).

The Court already concluded sufficient evidence supports the jury's award.  And the fact that the jury's award falls in the express statutory range demonstrates that it is within the universe of possible awards.  Rule 59 does not "grant a license to the [Court] merely to substitute [its] judgment for that of the jury on questions of fact." *Ard v. Sw. Forest Indus.*, 849 F.2d 517, 520 (11th Cir. 1988).  And the jury's determinations of fact here included "its assessment of the extent of [Plaintiffs'] injury." *Peer*, 2008 WL 2047978, at *4.  The Court declines to reduce the damages award or order a new trial on damages.  *See McGinnis*, 817 F.3d at 1257 (declining to reduce damages award or grant new trial where evidence did not "overwhelmingly" favor movant and verdict was not "against the clear weight of the evidence") (internal quotation marks and citations omitted).

### III.  Conclusion

The Court **DENIES** the Star Defendants' Motion for Judgment As a Matter of Law Pursuant to Rule 50(b), Or In The Alternative, to Alter or Amend the Judgment Pursuant to Rule 59(e) (Dkt. 363) and the ZCell

Defendants' Renewed Motion for Judgment As a Matter of Law Or, Alternatively, For Alteration Or Amendment Judgment, For Grant of Remittitur, And/Or For New Trial On Damages (Dkt. 364).

**SO ORDERED** this 20th day of February, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE